IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WELLS FARGO BANK, N.A.,        )
      Plaintiff,        )
        )
vs.        )    CIVIL ACTION NO. 11-0231-KD-N
        )
FRIDAY CONSTRUCTION COMPANY,  )
INC., and C. THURMON BELL,    )
      Defendants.        )

## ORDER

This action is before the Court on Plaintiff Wells Fargo Bank, N.A.'s "Motion for Summary Judgment" against Defendant Friday Construction Co., Inc. (Docs. 11-13) and "Notice of No Response" (Doc. 19).[1]

## I.    Background

On May 9, 2011, Plaintiff Wells Fargo initiated this litigation against Defendants Friday Construction Company, Inc. ("Friday") and Thurmon C. Bell, for breach of contract, money had and received, and unjust enrichment. (Doc. 1). The present motion for summary judgment relates only to Defendant Friday and the Loan Documents executed by said entity with Plaintiff.

Defendant Friday failed to file any opposition to the motion for summary judgment.[2] As such, the Court construes the motion as unopposed. Specifically, LOCAL RULE 7.2(b) for the Southern District of Alabama requires a party responding to a Rule 56 motion to specify the disputed facts, if any, and that failure to do so will be interpreted as an admission that there is no

---

[1] Plaintiff has not moved for summary judgment as to Defendant C. Thurmon Bell. As such, this is a *partial* motion for summary judgment.

[2] Defendant C. Thurmon Bell has filed for bankruptcy and thus, the present action is stayed as to him. (Docs. 16, 20).

material factual dispute:

> Within thirty (30) days…[of the filing of a motion for summary judgment] or as may be otherwise ordered, the party or parties in opposition shall file a brief in opposition thereto, and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action.  Failure to do so will be considered an admission that no material factual dispute exists; provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any material fact.

S.D.ALA.L.R. 7.2(b).  Because Defendant Friday has failed to point out any  disputed facts due to a lack of response to the pending motion, its "[f]ailure to do so will be considered an admission that no material factual dispute exists."  L.R. 7.2(b).  See, e.g., Patton v. City of Hapeville, Ga., 162 Fed. Appx. 895, 896 (11th Cir. 2006) (unpublished) (providing that "the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts in accordance with the Federal Rules of Civil Procedure and the Local Rules[]").

Nevertheless, the Court notes that the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party." Dixie Stevedores, Inc. v Marinic Maritime, Ltd., 778 F.2d 670, 673 (11th Cir. 1985). Instead, "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact." Id.  In United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida, 363 F.3d 1099 (11th Cir. 2004), the Eleventh Circuit held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion," Id. at 1101, and noted the provision in Fed.R.Civ.P. 56(e) that when "'the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.'" Id. at 1101 (emphasis in original); see also Trustees of the Central

Pension Fund of the Int'l Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc., 374 F.3d 1035, 1040 (11th Cir. 2004) (vacating and remanding the district court's grant of summary judgment, in part, "[b]ecause summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment").

## II.     Findings of Fact

This case stems from a dispute regarding commercial loan documents executed between Defendants C. Thurmon Bell and Friday Construction Co., Inc., and Wells Fargo Bank, N.A. (successor-by-merger to Wachovia Bank, N.A.).  (Doc. 1; Doc. 13 at 3-5 (Aff. R.Kelsey, an Assistant Vice-President/Loan Adjuster of Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, National Association).  Specifically, on March 9, 2009, Wells Fargo made a commercial loan to Defendants Bell and Friday in the amount of $705,336.61.  (Doc. 1-2; Doc. 13 at 4 (Aff. R.Kelsey); Doc. 13 at 6-11 ("Note")).  On June 8, 2010, this loan was modified. (Doc. 1-3; Doc. 13 at 4 (Aff. R.Kelsey); Doc. 13 at 12-22 ("Loan Modification")).  As evidenced by the Modification Agreement, Defendant Friday ratified and confirmed all terms and conditions of the Loan Documents, and warranted and represented to Plaintiff that it had no defenses, setoffs, rights of recoupment, counterclaims, or claims of any nature whatsoever with respect to the Loan Documents. Id.  To the extent Defendant Friday had any such defenses, claims or setoffs with respect to the obligations evidenced by the Loan Documents, Defendant Friday expressly waived, released and discharged the same, in consideration of Lender's agreements provided in the Modification Agreement.  Id.  Defendant Friday failed to make payments when due and as required under the terms of the loan documents, constituting a default thereunder.  Id.  On May 3, 2011, Wells Fargo notified Defendant Friday of the default and elected to accelerate the loans.  (Doc. 1-4; Doc. 13 at 5 (Aff. R. Kelsey); Doc. 13 at 23-24

(5/3/11 Letter)).   Wells Fargo also demanded immediate repayment of all outstanding charges

due and owing including all outstanding principal, accrued and unpaid interest, late charges, and

attorneys' fees.  Id.   Defendant Friday failed to pay.  Id.

As of October 10, 2011, the amount outstanding on the Loan, exclusive of attorneys' fees

and costs, is **$337,797.57** ($310,336.31 in principal, $22,505.34 in accrued interest and $955.62

in late charges) with interest and collection costs continuing to accrue.  (Doc. 1 at 3 at ¶16; Doc.

1-4 at 1; Doc. 13 at 5 (Aff. R. Kelsey)).   On summary judgment, in addition to the $337,797.57,

Plaintiff seeks post-judgment interest calculated at the contract rate of "Plaintiff's Prime Rate

plus five percent (5%)" as well as $23,738.55 in attorneys' fees and expenses.

## III.     Conclusions of Law

### A.     Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED.

R. CIV. P. 56(a) (Dec. 2010). The recently amended Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is
> genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information, affidavits or
> declarations, stipulations (including those made for purposes of the motion only),
> admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot produce admissible
> evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party
> may object that the material cited to support or dispute a fact cannot be presented
> in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it
> may consider other materials in the record.

*(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010). Defendant, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted).

**B.      Discussion**

At the outset, the loan documents provide for a choice of law of the laws of the State of Alabama. (Doc. 13 at 10; Doc. 13 at 15 at ¶18). Additionally, as this action is before this Court on the basis of diversity jurisdiction, the substantive law of the State of Alabama applies. See, e.g., Employers Mut. Cas. Co. v. Mallard, 309 F.3d 1305, 1307 (11th Cir. 2002).[3]

---

[3]  "[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Alabama (Continued)

### 1.      Count One: Breach of Contract

Under Alabama law, the essential elements of a cause of action for breach of contract are the existence of a valid contract binding the parties, a plaintiff's performance under the contract, a defendant's nonperformance, and damages. See, e.g., Jones v. Alfa Mut. Ins. Co., 875 So.2d 1189, 1195 (Ala. 2003).   The record reveals that Defendant Friday (and Bell) entered into a commercial loan with Plaintiff in June 2009 for $705,336.61, which was modified in June 2010. See *supra*. According to the Affidavit of Rahsheen Kelsey (an Assistant Vice-President/Loan Adjuster of Plaintiff), Defendant Friday is jointly and severally liable (with Defendant Bell) for all amounts owing under the Note.  Id.  The Affidavit also establishes that Plaintiff is the holder of the Note and thus is entitled to enforce its terms and recover the outstanding balance from Defendant Friday.  Id.  The Kelsey Affidavit also establishes the existence of a valid contract between Plaintiff and Defendant Friday in the form of the Loan Documents (the terms of which Plaintiff expressly ratified, as evidenced by the Modification Agreement), and that Plaintiff performed under this contractual arrangement by advancing Defendant Friday the funds borrowed.  Id.  In addition, the Kelsey Affidavit establishes that Defendant Friday defaulted under the terms of the Loan Documents by failing to pay all amounts due and owing, even after Plaintiff's demand for repayment, and that Plaintiff suffered damages resulting from this failure to pay, in the amount of outstanding principal, interest, and other fees due under the Loan Documents.  Id.  Moreover, in its Answer, Defendant Friday admitted to entering into the loan

---

courts follow the traditional conflict-of-law principles of *lex loci contractus* and *lex loci delicti.*  Lifestar Response of Ala., Inc. v. Admiral Ins. Co., 17 So. 3d 200, 213 (Ala. 2009). Accordingly, in Alabama, contract claims are governed by the laws of the state where the contract was made, unless the contracting parties chose a particular state's laws to govern their agreement, Cherry, Bekaert & Holland v. Brown, 582 So. 2d 502, 506 (Ala. 1991).  Here, the parties chose the State of Alabama.

transaction in question, and admitted that the Loan Documents were executed on its behalf by a duly authorized agent, and that it received the proceeds of the Loan. (Doc. 7 at 1 at ¶¶ 7-10). Defendant Friday has also admitted that the terms of the Loan Documents provide that it is obligated to repay all sums borrowed under the Note, plus interest accruing thereon and certain of Lender's costs, including attorneys' fees.  (Id. at 1 at ¶ 9).  This evidence, taken together with the evidence that all amounts owing under the Loan have not been repaid, see *supra*, establishes Defendant's liability for breach of the Loan Documents. Finally, on summary judgment, Defendant Friday has not disputed the validity of the loan documents, its failure to make all scheduled payments and/or pay all the amounts due and owing, or the fact that Plaintiff was damaged by its failure to satisfy the debt.  Thus, the evidence of record establishes that Plaintiff's motion for summary judgment as to its breach of contract claim (Count One) against Defendant Friday is due to be **GRANTED.**

2.      **Counts Two & Three: Money Had and Received & Unjust Enrichment**

Plaintiff alleges a claim for money had and received against Defendant Friday, asserting that Friday received money or the equivalent value of money that "in equity and good conscience[]" belongs to Plaintiff, such that it is entitled to recover from Friday the amounts due under the Loan Documents.  (Doc. 1 at 4).  Plaintiff also asserts a claim against Defendant Friday for unjust enrichment, claiming that by retaining the borrowed funds and not repaying same, it has been unjust enriched at Plaintiff's expense.  (Id. at 4-5).  Both of these claims, however, are equitable remedies which issue only when there is no adequate remedy at law.

Under Alabama law, "[t]he essence of [the theories of unjust enrichment and money had and received] is that plaintiff ... prove facts showing that defendant holds money which, inequity and good conscience, belongs to plaintiff ..." Hancock–Hazlett General Const. Co., Inc. v. Trane

Co., 499 So.2d 1385, 1387 (Ala. 1986); see also, Jewett v. Boihem, 23 So.3d 658, 661 (Ala. 2009) (equitable claims such as an action for money had and received "aim[ ] at the abstract justice of the case, and look[ ] solely to the inquiry, whether the defendant holds money, which ... belongs to the plaintiff[]") (internal citations and quotations omitted).[4]   Likewise, unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law. See, e.g., Mantiply v. Mantiply, 951 So.2d 638, 654 (Ala. 2006); Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17, 20 (Ala. 1983). "The doctrine of unjust enrichment … permit[s] the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another." Flying J Fish Farm v. Peoples Bank of Greensboro, 612 So.3d 1185, 1193 (Ala. 2008) (citations omitted).  See also McCaughey v. Bank of America, N.A., 279 Fed. Appx. 794, 797 (11th Cir. 2008) (unpublished) (providing that "[b]ecause an express contract was present, [the plaintiff] could not pursue equitable remedies" (discussing both money had and received and unjust enrichment in this context)).   Thus, money had/received and unjust enrichment are equitable remedies only to be invoked where there is no available remedy at law (*e.g.*, an express contract). See, e.g., Mantiply, 951 So.2d at 654; Teleprompter of Mobile, 428 So.2d at 20.

Plaintiff's money had/received and unjust enrichment claims arise from the Loan Agreement and Modification documents -- the very same documents upon which the breach of contract claim is based. Thus, Plaintiff's money had/received and unjust enrichment claim is

---

[4] As set forth in Jewett v. Boihem, 23 So.3d 658, 661 (Ala. 2009):  "[An action for money had and received] is founded upon the equitable principle that no one ought justly to enrich himself at the expense of another, and is maintainable in all cases where one has received money under such circumstances that in equity and good conscience he ought not to retain it because in justness and fairness it belongs to another." Marsh & Gamble, § 34:2. "[A] cause of action for money had and received is 'less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which ... belongs to the plaintiff.'"

precluded, as there is an adequate remedy at law for damages under the breach of contract theory of recovery.  See generally Pearson's Pharmacy, Inc. v. Express Scripts, Inc., 505 F. Supp. 2d 1272, 1278 (M.D. Ala. 2007). See also e.g., Pearson's Pharmacy, 505 F. Supp. 2d at 1278 (dismissing an unjust enrichment claim with prejudice because plaintiffs had an adequate remedy at law for damages under a theory of breach of contract); 1021018 Alberta Ltd. v. Netpaying, Inc., Slip Copy, 2011 WL 1103635, *6 (M.D. Ala. Mar. 24, 2011) (providing that "proof of an express contract between the parties to a contract defeats a claim for unjust enrichment[]"). Accordingly, Plaintiff's motion for summary judgment regarding its claims for money had/received and unjust enrichment (Counts Two and Three) is **DENIED** and these claim are **DISMISSED.**

## IV.    Attorneys' Fees & Expenses

Plaintiff moves for $22,571.50 in attorneys' fees and $1,167.05 in expenses incurred in collecting the amounts under the Loan, pursuant to the terms of the Loan documents.[5]  Plaintiff has submitted, in support of this request, the Affidavit of Jason Woodard, a partner with the law firm of Burr & Forman, LLP, attesting to these amounts as reasonable for 94 hours of work on this case since 2009.  (Doc. 13 at 43-45).

At the outset, Plaintiff's motion for summary judgment is only as to Defendant Friday, given that this case has been stayed as to Defendant Bell due to his bankruptcy status.  However, Plaintiff's attorneys' fees and costs request does not delineate as such.  Rather, as evidenced by the Woodard Affidavit, Plaintiff seeks attorneys' fees and costs *for the entire litigation* (including work for the claims against Defendant Bell).  Additionally, Plaintiff has failed to

---

[5] While Plaintiff has not referenced where in the Loan Documents attorneys' fees and costs are provided for, the Court's own review of same indicates that the Promissory Note provides for recovery of "reasonable expenses" including attorneys' fees.  (Doc. 13 at 7).

submit any documentation in support of the fees and costs requested in the Woodard Affidavit

and motion for summary judgment (*i.e.*, no billing records, no information about any individuals

who worked on the case, no itemized statements, no invoices, no information as to hourly rates

of attorneys, etc.) or even assert how such fees and costs are recoverable and under which state's

law based on the terms of the loan documents.  The Woodard Affidavit also fails to identify the

names and titles of the individuals who rendered service to Plaintiff in connection with this

litigation, or any information regarding their respective skill and experience levels.  Nor does the

Affidavit contain records listing the amount of time spent on each of the tasks with respect to

which the claimed fees were incurred. Plaintiff has also failed to address any of the

reasonableness factors provided for under Alabama law.[6]  In sum, Plaintiff has failed to provide

proper necessary documentation in support of its request, such that the Court lacks sufficient

information to conclude that the attorneys' fees and costs requested are reasonable. As such, that

portion of Plaintiff's motion for summary judgment requesting fees and expenses is **DENIED.**

Plaintiff, however, is **GRANTED LEAVE** to file a revised motion for attorneys' fees

and costs by **March 9, 2012,** attaching detailed records in support of a reasonable attorneys' fees

and related expenses/costs award, consonant with the applicable law in this case.  Any response

by Defendant Friday shall be filed no later than **March 16, 2012.**

---

[6]  Whereas this action is before the Court on the basis of diversity jurisdiction, any fee award must be consonant with Alabama law.  The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and its determination on such an issue will not be disturbed on appeal unless in awarding the fee the trial court exceeded that discretion. See, e.g., State Bd. of Educ. v. Waldrop, 840 So.2d 893, 896 (Ala. 2002); City of Birmingham v. Horn, 810 So.2d 667, 681-682 (Ala. 2001); Ex parte Edwards, 601 So.2d 82, 85 (Ala. 1992). See also Varner v. Century Fin. Co., 738 F.2d 1143 (11th Cir. 1984).  Under Alabama law, the factors to be considered include: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988) (citing Peebles v. Miley, 439 So.2d 137 (Ala. 1983)).

## V.      Post-Judgment Interest

Plaintiff contends that post-judgment interest calculated at the contract rate of Plaintiff's Prime Rate plus five percent (5%) is merited.  (Doc. 12 at 11).  Plaintiff has provided no support for this contention and has not even referenced where in the Loan Documents such a provision exists.   The Court's own review of the Loan Documents does not reveal any post-judgment interest rate.  It appears then, that the loan documents do not specify that the rate proposed by Plaintiff applies to post-judgment interest. See, e.g., Newmount U.S.A. Ltd. v. Insurance Co. of North America, 615 F.3d 1268, 1276-1277 (10th Cir. 2010 (providing that "[a]n agreement to apply a post-judgment interest rate other than that § 1961 specifies is enforceable so long as the parties indicated their intent to override the statute using 'clear, ambiguous and unequivocal language[]'").  Thus, the Court finds that post-judgment interest shall be awarded in accordance with 28 U.S.C. § 1961(a).  Accordingly, Plaintiff's motion for summary judgment, as to the "Prime Rate plus 5%" interest rate, is **DENIED.**

## VI.     Conclusion

Accordingly, it is **ORDERED** that Plaintiff's partial Motion for Summary Judgment (Doc. 11) is **GRANTED in part** in favor of Plaintiff and against Defendant Friday as to liability for breach of contract (Count One) in the amount of **$337,797.57** plus post-judgment interest in accordance with 28 U.S.C. § 1961(a); and **DENIED in part** as to its money had/received and unjust enrichment claims (Counts Two-Three), request for attorneys' fees and costs, and request for a post-judgment interest rate of "Prime Rate plus 5%."

**DONE** and **ORDERED** this **5th** day of **March 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

11