IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>FRIDAY CONSTRUCTION COMPANY, )<br>INC., and C. THURMON BELL, )<br>      Defendants. ) | CIVIL ACTION NO. 11-00231-KD-N |

ORDER

This action is before the Court on Plaintiff Wells Fargo Bank, N.A.'s "(I) Revised Motion for Award of Attorneys Fees and (II) Motion to Reconsider Denial of Post Judgment Interest and Incorporated Memorandum of Law" (Doc. 24). While Defendant Friday Construction Company, Inc. ("Friday") was given the opportunity to file a Response thereto, (Doc. 23 at 10), no Response has been filed to date.[1] For the reasons stated herein, the Court finds that Plaintiff's motion is due to be **GRANTED in part** and **DENIED in part**.

**I.     Background**

On March 5, 2012, the Court ruled partly in favor of Plaintiff with regard to its motion for summary judgment against one (1) of the Defendants in this case, Defendant Friday Construction Co., Inc., for breach of contract. (Doc. 23). In so doing, the Court specified as follows with regard to Plaintiff's simultaneous request for attorneys' fees and costs:

> …Plaintiff's motion for summary judgment is only as to Defendant Friday, given that this case has been stayed as to Defendant Bell due to his bankruptcy status. However, Plaintiff's attorneys' fees and costs request does not delineate as such. Rather, as evidenced by the Woodard Affidavit, Plaintiff seeks attorneys' fees and costs for the entire litigation (including work for the claims against Defendant

---

[1] Defendant C. Thurmon Bell ("Bell") is in bankruptcy and thus, this action is stayed as to him. (Doc. 16).

1

Bell). Additionally, Plaintiff has failed to submit any documentation in support of the fees and costs requested in the Woodard Affidavit and motion for summary judgment (i.e., no billing records, no information about any individuals who worked on the case, no itemized statements, no invoices, no information as to hourly rates of attorneys, etc.) or even assert how such fees and costs are recoverable and under which state's law based on the terms of the loan documents. The Woodard Affidavit also fails to identify the names and titles of the individuals who rendered service to Plaintiff in connection with this litigation, or any information regarding their respective skill and experience levels. Nor does the Affidavit contain records listing the amount of time spent on each of the tasks with respect to which the claimed fees were incurred. Plaintiff has also failed to address any of the reasonableness factors provided for under Alabama law. [FN6] In sum, Plaintiff has failed to provide proper necessary documentation in support of its request, such that the Court lacks sufficient information to conclude that the attorneys' fees and costs requested are reasonable. As such, that portion of Plaintiff's motion for summary judgment requesting fees and expenses is **DENIED.**

Plaintiff, however, is **GRANTED LEAVE** to file a revised motion for attorneys' fees and costs by **March 9, 2012,** attaching detailed records in support of a reasonable attorneys' fees and related expenses/costs award, consonant with the applicable law in this case. Any response by Defendant Friday shall be filed no later than **March 16, 2012.**

> FN6:Whereas this action is before the Court on the basis of diversity jurisdiction, any fee award must be consonant with Alabama law.  The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and its determination on such an issue will not be disturbed on appeal unless in awarding the fee the trial court exceeded that discretion. See, e.g., State Bd. of Educ. v. Waldrop, 840 So.2d 893, 896 (Ala. 2002); City of Birmingham v. Horn, 810 So.2d 667, 681-682 (Ala. 2001); Ex parte Edwards, 601 So.2d 82, 85 (Ala. 1992). See also Varner v. Century Fin. Co., 738 F.2d 1143 (11th Cir. 1984).  Under Alabama law, the factors to be considered include: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988) (citing Peebles v. Miley, 439 So.2d 137 (Ala. 1983)).

(Doc. 23 at 9-10).

The Court also denied Plaintiff's requested post-judgment interest rate, finding no

contractual basis to justify imposing a rate other than that provided for in 28 U.S.C. § 1961(a). (Id. at 11).  The motion at issue was subsequently filed on March 9, 2012.  (Doc. 24).

**II.     Analysis**

      a.  **Attorneys' Fees & Expenses**

The March 9, 2009 Promissory Note ("the Note") provides for recovery by Plaintiff of "reasonable expenses actually incurred to enforce or collect" on the Note, "including . . . paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit[ or] in any trial . . . proceeding."  (Doc. 13 at 7, at "ATTORNEYS' FEES AND OTHER COLLECTION COSTS").  Under Alabama law, it is well settled that provisions relating to the payment of attorneys' fees are enforceable.  See, e.g., Subway Rests., Inc. v. Madison Square Assoc., Ltd., 613 So. 2d 1255, 1257 (Ala. 1993) (holding that "[i]n Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of the action...when provided in a contract"); Knight v. Hired Hand Green, Inc., 775 So. 2d 218, 222 (Ala. Civ. App. 1999) (finding the plaintiff "was necessarily entitled to...attorney fee for collection…pursuant to the clear terms of the contract").  See also, e.g., Smith v. Combustion Res. Eng'g, Inc., 431 So. 2d 1249, 1252 (Ala. 1983); Lewis v. Haleyville Mobile Home Supply, Inc., 447 So. 2d 691, 692-93 (Ala. 1984); Chilton Warehouse & Mfg. Co. v. Lewis, 57 So. 100, 101 (Ala. App. 1911).

Plaintiff seeks **$27,665.00** in attorneys' fees and **$1,413.68** in expenses incurred in collecting the amounts due under the Loan based on the terms set forth in the Note.  In support of this request, Plaintiff has submitted itemized billing records (Doc. 24 at 20-37) and two (2) Affidavits of Jason Woodard (the first dated 10/10/11 (Doc. 13 at 43-45); the second, 3/9/12

(Doc. 24 at 14-18)),[2] a partner with the law firm of Burr & Forman, LLP, attesting to these amounts as reasonable for **121 hours** of work performed not just in this case, but "as far back as 2009." (Doc. 13 at 43-45; Doc. 24 at 14-37).

In particular, Plaintiff seeks recovery of all of the fees and expenses it has incurred not only in this case but also in what it refers to as the "Previous Lawsuit" – <u>Wells Fargo Bank, N.A. v. Bell, L.L.C., Friday Construction Co. Inc., and C. Thurmon Bell</u>, Case No. 1:10-cv-00177-KD-N (S.D. Ala.). (Doc. 24 at 6-8, 15-17). This is not permissible. For one thing, that case also involved Bell, L.L.C, an entity that is not a defendant in this case. Additionally, in that action, Plaintiff voluntarily dismissed all of its claims against all of the defendants without prejudice, with each party to bear its own costs. (Case No. 1:10-cv-00177-KD-N, Docs. 9 & 10). In other words, Plaintiff had the opportunity to seek recovery of fees and expenses incurred before and during the Previous Lawsuit but chose not to do so (*i.e.*, Plaintiff could have included such in the voluntary dismissal). Plaintiff filed its notice of dismissal in the Previous Lawsuit on June 11, 2010, and the Court entered an Order of dismissal on June 14, 2010. (<u>Id.</u>). All billing entries for those days indicate that the work done related only to the dismissal of the Previous Lawsuit. (Doc. 24 at 24). Thus, with regard to that portion of Plaintiff's motion that seeks recovery of attorneys' fees and expenses incurred on or before June 14, 2010, the motion is due to be **DENIED**.

The Court will now turn to that portion of Plaintiff's motion concerning recovery of attorneys' fees and costs incurred after the dismissal of the Previous Lawsuit. Plaintiff seeks to recover all of its attorneys' fees and costs incurred in enforcing the Note against both defendants in this case, but solely from Defendant Friday (the only defendant against whom summary

---

[2] Mr. Woodard is an attorney with over 10 years of work experience. (Doc. 24 at 14, ¶ 1).

judgment has been granted). Relying on the Note, Plaintiff contends that both Defendant Friday and Defendant Bell are jointly and severally liable for all indebtedness, evidenced by their status as Borrowers on the Note -- including all of the attorneys' fees and expenses incurred in collecting the amounts due. See (Doc. 13 at 7 ("The term 'Obligations', as used in this Note and the other Loan Documents, refers to any and all indebtedness and other obligations under this Note . . ."), 10 ("**Joint and Several Obligations.** If there is more than one Borrower, each is jointly and severally obligated together with all other parties obligated for the Obligations). Plaintiff attests that "efforts have been made to include only those fees which relate to the Loan at issue, for which both Bell and [Friday] are jointly and severally liable." (Doc. 24 at 8). The Court finds that a sufficient basis exists for entering such a judgment of attorneys' fees and expenses solely against Defendant Friday in this action.

Though given the opportunity to do so, Defendant Friday has not challenged Plaintiff's right to recover its attorneys' fees and expenses. However, under the terms of the Note, Plaintiff may recover only those fees and expenses that are "reasonable." See *supra*. Accordingly, before fashioning any award, the Court must first assess the reasonableness of the Plaintiff's request.

In this Circuit, courts generally apply the "lodestar" method -- multiplying the hours reasonably expended by a reasonable hourly rate -- to make such an assessment. Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988). The 12 factors identified by the Court of Appeals in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989), may aid the Court in determining a reasonable hourly rate and thereby affect the lodestar analysis. Norman, 836 F.2d at 1299. Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of

> employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359 n.1 (11th Cir. 2006) (citing Johnson, 488 F.2d at 717-19). Additionally, as this action is before the Court on the basis of diversity jurisdiction, any fee award must be consonant with Alabama law. Under Alabama law, the factors to be considered include:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So. 2d 740, 749 (Ala. 1988) (citing Peebles v. Miley, 439 So. 2d 137 (Ala. 1983)). Not all of these criteria must be met or brought into play. Graddick v. First Farmers & Merchs. Nat'l Bank of Troy, 453 So. 2d 1305, 1311 (Ala. 1984).

### 1. Expenses

Plaintiff seeks **$1,413.68** in expenses; however, this is the total amount of expenses for both cases. Based on the terms of the Note and Guaranty, the Court finds that Plaintiff is entitled to recover expenses/costs. See, e.g., Peppertree Apartments, Ltd. v. Peppertree Apartments, 631 So.2d 873, 878 (Ala. 1993) (providing that "[t]he intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous[]"). However, for those reasons stated *supra*, recovery of this amount is disallowed for amounts expended on or before the dismissal of

the Previous Lawsuit. The Court has reviewed the expenses itemization and finds that the expenses incurred by Plaintiff after June 14, 2010, and which are recoverable against Defendant Friday, total **$733.56**.

### 2. Attorneys' Fees

Plaintiff seeks recovery of **$27,665.00** for **121 hours** of work for this case. However, this represents the total amount of fees and hours for both cases since November 30, 2009. For those reasons stated *supra*, recovery of this entire amount is disallowed.

#### A. Recoverable Rate

As the party requesting fees, Plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is that of Mobile, Alabama. See Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed" – in that case, Atlanta) (citation omitted)).

Plaintiff's revised fee application fails to provide evidence addressing the fundamental question of whether the hourly rates charged by its attorneys are reasonable in the Mobile market. Neither of Woodard's affidavits attests to his familiarity with the customary rates charged by the Mobile legal community; rather, both affidavits state that Woodard is "familiar with the fees customarily charged to clients having business similar to that of Plaintiff by law

firms in the *Birmingham area* in connection with litigation of the same or similar nature as this action."[3]  (Doc. 13 at 43, ¶ 3; Doc. 24 at 15, ¶ 3 (emphasis added)).  Nevertheless, the Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested fees.  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

Plaintiff seeks recovery of the following billable rates: 1) attorneys Woodard ($330/hour, Partner with over 10 years experience), Creswell ($285/hour, Senior Associate with 7 years experience) and Weed ($245/hour, Associate with 5 years experience); and 2) paralegals Stinson ($125/hour, 8 years experience), Crawford ($120/hour, 9 years experience) and Thompson ($105/hour, 23 years experience).  (Doc. 24 at 32-33).

Regarding the attorneys, the Court finds as follows.  The requested rate of $330/hour for Woodard, a Partner with 10 years of experience, exceeds those rates that have been found to be reasonable in this district.  For example, this Court recently found $250/hour to be a reasonable rate for a Mobile attorney with 15 years of experience as a law firm partner.  See Vision Bank v. Anderson, Civ. No. 10-0372-KD-M, 2011 WL 2142786, at *3 (S.D. Ala. May 31, 2011).  See also Mitchell Co., Inc. v. Campus, Civ. No. 08-342-KD-C, 2009 WL 2567889, at *1 and *17-18 (S.D. Ala. Aug. 18, 2009) (finding that a reasonable hourly rate for an attorney with 12 years of experience was $225/hour).  Upon consideration, the Court will award the Partner rate of **$225/hour** for Woodard.

---

[3] Plaintiff has submitted no evidence showing it is entitled to non-local rates.  See Barnes, 168 F.3d at 437 ("If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims.").

8

The requested rates for the Associates, which vary from $245/hour to $285/hour, are unreasonable. Not only do these rates exceed the previously-determined reasonable Partner rate, they also exceed rates that the undersigned and other judges in the Southern District of Alabama have found to be reasonable for associates. See, e.g., Denny Mfg. Co. v. Drops & Props, Inc., Civ. No. 09-0214-KD-M, 2011 WL 2180358, at *3-5 (S.D. Ala. June 1, 2011) (finding $150/hour to be a reasonable rate for second-year associate who was Order of the Coif, served on the Law Review of his law school, and clerked for an Eleventh Circuit judge); Gulf Coast Asphalt Co., L.L.C. v. Chevron U.S.A., Inc., Civ. No. 09-0187-CG-M, 2011 WL 612737, at *4 (S.D. Ala. Feb. 11, 2011) (finding $145/hour to be a reasonable rate for second-year associate); Adams v. Austal, U.S.A., L.L.C., Civ. No. 08-0155-KD-N, 2010 WL 2496396, at *6 (S.D. Ala. June 16, 2010) (finding $150/hour to be a reasonable rate for third-year associate). Upon consideration, the Court will award Senior Associate Creswell the rate of **$175/hour** and Associate Weed the rate of **$150/hour**.

The Court rejects as unreasonable the requested hourly rates of the paralegals, ranging from $105/hour to $125/hour. In several recent cases, this Court has found $75/hour to be a reasonable rate for paralegal work. See, e.g., Denny Mfg., 2011 WL 2180358, at *5; Zuffa, LLC v. Al-Shaikh, Civ. No. 10-00085-KD-C, 2011 WL 1539878, at *9 (S.D. Ala. Apr. 21, 2011); Wells Fargo Bank, N.A. v. Williamson, Civ. No. 09-00557-KD-C, 2011 WL 382799, at *5 (S.D. Ala. Feb. 3, 2011). Apart from stating their years of experience, Plaintiff has not demonstrated that any of these paralegals possess other qualifications that merit rates approximately 40%-70% more than that which the Court has approved in the past. Thus, the Court finds that the paralegal time allowed in this case will be reimbursed at the rate of **$75/hour.**

### B.     Recoverable Time

Plaintiff seeks recovery of **121 hours** of work in this case from November 30, 2009, to the present.  As an initial matter, for those reasons stated *supra*, the Court cannot award for time billed on or before the dismissal of the Previous Lawsuit.  Moreover, in determining whether the number of hours expended are reasonable, the Court should not include any hours that are "excessive, redundant, or otherwise unnecessary."  Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428.  The Court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, *i.e.*, hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).  Upon consideration, the Court finds evidentiary support for **77 hours** billed from the dismissal of the Previous Lawsuit to the present.[4]

### C.     Total Recoverable Fees

Thus, the total amount of attorneys' fees recoverable by Plaintiff against Defendant Friday for work performed in enforcing the Note after June 14, 2010, is **$12,490.00** for **77 billable hours**, calculated as follows: Woodard (26.4 hours x $225 = $5,940.00) + Creswell (2.5 hours x $175 = $437.50) + Weed (33.4 hours x $150 = $5,010.00) + Stinson (13.1 hours x $75 = $982.50) + Crawford (0.8 hours x $75 = $60) + Thompson (0.8 hours x $75 = $60).

---

[4] Some time entries were billed at a rate of "$0.00."  The Court has excluded those entries from its calculation of billable time.

b. **Post-Judgment Interest Rate**

Plaintiff also seeks reconsideration of that portion of the Court's March 5, 2012 Order which denied Plaintiff's requested post-judgment interest rate of "Prime Rate plus five percent (5%)." (Doc. 23 at 11). Plaintiff does not indicate whether its reconsideration request is filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, or on what basis the relief is sought. Given the relief sought, the Court construes Plaintiff's request as a Rule 60(b)(6) motion for reconsideration for "any other reason that justifies relief."

The Court has broad discretion in ruling on a Rule 60(b) motion, which is considered an extraordinary request. See, e.g., Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). The motion must demonstrate "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is...a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made: [It is an improper use] of the motion to reconsider to ask the Court to rethink what the Court...already thought through – rightly or wrongly[.]" Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).

In the Order denying the request the Court based its denial on the fact that its review of the loan documents did not reveal any agreed post-judgment interest rate. However, in its motion to reconsider, Plaintiff now cites the Court to the relevant provision: "If a Default (as defined herein) occurs and as long as a Default continues, all outstanding Obligations . . . shall bear interest at the Interest Rate plus 3% ("Default Rate"). The Default Rate shall also apply from acceleration until the Obligations or **any judgment thereon is paid in full**." (Doc. 13 at 6, ¶ "DEFAULT RATE" (emphasis added)). "Interest Rate" is defined as Plaintiff's "Prime Rate

11

plus 2.0%." (Id., ¶ "INTEREST RATE").  The Court finds that Plaintiff is due the contractual post-judgment interest rate it seeks – Plaintiff's "Prime Rate" plus 5%.

**III.    Conclusion**

Based on the foregoing, it is **ORDERED** that Plaintiff's "(I) Revised Motion for Award of Attorneys Fees and (II) Motion to Reconsider Denial of Post Judgment Interest and Incorporated Memorandum of Law" (Doc. 24) is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff is awarded **$12,490.00** in attorneys' fees and **$733.56** in expenses and costs against Defendant Friday; and

2. Post-judgment interest shall accrue at the contractual rate of Plaintiff's "Prime Rate" plus 5%, as set out in the Promissory Note (Doc. 13 at 6-11).

Judgment shall be entered separately in accordance with this Order and the Court's Order dated March 5, 2012 (Doc. 23).

**DONE** and **ORDERED** this the **31st** day of **October 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**